UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60525-CIV-SINGHAL

KARINA ESTEFANY PLEITEZ CALDERON,

     Petitioner,

v.

GARRETT J. RIPA, *et al.,*

     Respondents.

_____/

## ORDER

Petitioner Karina Estefany Pleitez Calderon is a citizen of El Salvador who entered the United States illegally and without inspection in 2016.  (DE [10-2]).  Nearly ten years later, on January 22, 2026, Border Patrol Agents stopped her, and upon questioning, she admitted to entering the country illegally.  *Id.*  She was detained, and the Department of Homeland Security ("DHS") charged her with entering and remaining in the country without valid documentation and placed her in removal proceedings.  *Id.*; (DE [10-3]).  She has been detained ever since.

Petitioner filed the present Petition for Writ of Habeas Corpus (DE [1]), and the government responded (DE [10]).  The Court scheduled a hearing, but the parties requested the Court to rule on the papers.  (DE [14]).  Because Petitioner is lawfully detained under 8 U.S.C. § 1225, the Petition (DE [1]) is denied.

    I.     <u>LEGAL STANDARD</u>

District courts have authority to grant writs of habeas corpus.  28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v.*

*Geren,* 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The court's jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

II.      DISCUSSION

Petitioner claims that she is a class member of *Maldonado Bautista v. Santacruz,* 813 F. Supp. 3d 1084 (C.D. Cal. 2025) and that she is entitled to the relief ordered by the District Court for the Central District of California.   Specially, she argues that as a *Maldonado Bautista* class member she is entitled to a bond hearing.  *Maldonado Bautista* certified the following bond eligible class:

> Bond Eligible Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Id.* at 1127.

But this Court is not bound by this class.  *Maldonado Bautista* explicitly applied only to immigrants detained in the Central District of California: "To the extent Petitioners seek habeas relief for class members in immigration detention outside of this judicial district, the Court reiterates such an action would be *ultra vires*; there is no habeas jurisdiction to do so."  *Id.* at 1125.  This makes sense, since a habeas petition is a limited vehicle to seek relief from the official detaining the individual petitioner.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . .").

2

The Ninth Circuit also stayed the *Maldonado Bautista*'s declaratory judgment "insofar as the district court's judgment extends beyond the Central District of California." *Maldonado Bautista v. Dep't Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026).  The *Maldonado Bautista* class does not bind or apply to this Court.

Even more fundamentally though, class actions are not an appropriate tool for adjudicating habeas petitions.  A petition for the writ of habeas corpus allows an individual to seek release when unlawfully detained.  Deciding whether detention is lawful requires an individualized determination of the law and the facts of each case.  *See* 28 U.S.C. § 2241 (requiring a court to grant the writ of habeas corpus or order a response unless it is obvious from the petition that the singular "*applicant* or *person* detained" is not entitled to the writ) (emphasis added).  A single determination that hundreds or thousands of individuals are lawfully detained would violate those individuals' due process rights to a hearing.  That is exactly what a habeas class action allows—if a court denies relief to the class, the court would uphold the lawfulness of detention for potentially thousands of people without individual determinations.  And such a determination could be preclusive. *See* 28 U.S.C. § 2244 ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . .").

Since a class action would violate due process rights if relief were denied, the class action mechanism cannot be used as a one-way ratchet and only be

3

permitted if the court grants relief.  That would put the government in a "heads-you-win, tales-I-lose" situation when defending habeas class actions, since a win for the government would violate due process rights and not be enforceable.  This cannot be the case.

Historically, there also seems to be no support for class actions in habeas proceedings.  *See Multiparty Federal Habeas Corpus*, 81 Harv. L. Rev. 1482, 1493 (1968) ("[N]o case has been found in which anything resembling a class action was used in habeas corpus."); *A. A. R. P. v. Trump*, 605 U.S. 91, 107-08 (2025) (Alito, J., dissenting) ("Neither courts nor commentators have found historical support for the practice [of applying class actions in habeas proceedings].").

Petitioner's request that this Court grant her relief as a class member of *Maldonado Bautista* is contrary to *Maldonado Bautista* itself, the Ninth Circuit's stay, history, and due process principles.

Having addressed Petitioner's argument that she is entitled to release as a *Maldonado Bautista* class member, the Court now examines whether Petitioner is entitled to a bond hearing or release under the Immigration and Nationality Act itself.  This Court has previously explained that aliens present in the United States without admission are "applicants for admission" under 8 U.S.C. § 1225 and are therefore subject to mandatory detention under § 1225.  *See, e.g.*, *Morales v. Noem*, — F. Supp. 3d —, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026); *Banchi v. Diaz*, No. 0:25-cv-62341 (S.D. Fla. Feb. 2, 2026); *Doria v. Warden, Broward Transitional Center*, No. 0:26-cv-60112 (S.D. Fla. Feb. 9, 2026).  Multiple courts of appeals have done the same.  *See Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, — F.4th —,

4

2026 WL 819258, at *4 (8th Cir. Mar. 25, 2026).  And other district courts have also reached the same conclusion.  *See, e.g.*, *Lopez v. Dir. of Enf't & Removal Operations*, — F. Supp. 3d —, 2026 WL 261938, at *7 (M.D. Fla. Jan. 26, 2026); *Weng v. Genalo*, 2026 WL 194248, at *3 (S.D.N.Y. Jan. 25, 2026).  This case is no different.  Petitioner entered the country illegally and has not been admitted, and she is therefore an applicant for admission.  (DE [10-2]).  Petitioner's detention is lawful under § 1225.

III.     CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2).  Petitioner is not entitled to release or a bond hearing.  Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**.  The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 22nd day of April 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF